## CIRCUIT COURT OF HENRICO COUNTY

Associated Motels

v.

Hilliou

February 28, 1975

Case No. 1269

By JUDGE E. BALLARD BAKER

Upon consideration of the evidence and the several memoranda of counsel, it is my view that Associates Motels, Inc., is entitled to judgment in the amount of $6,000.00, less credits of $75.00 and $253.40, with interest from January 25, 1974, at six percent and for attorney fees in the amount of $1,092.24.

I can think of no useful purpose to be served in these circumstances in holding that the plaintiff is not entitled to full recovery. I am in agreement with plaintiff's argument on the *acceleration theory and do not* find this inconsistent with any position previously taken.

On the question of interest, the note itself is silent. Section 8.3-122 says that on a demand note, interest runs from the date of demand, while in other cases it runs from date of accrual of the cause of action. Virginia Comment to the section points out that the UCC makes no explicit reference as to when a cause of action accrues on paper that has been accelerated. Accepting the argument that this note was accelerated when one installment was not paid, there is no evidence that Associated Motels, prior to filing suit, made any demand for payment. Consequently, I find no demand until the Motion for Judgment was served on January 29, 1974, and will allow interest from that date.

It is urged that the agreement of March 28, 1973, cancelling the management agreement of August 19, 1972, in consideration of the $6,000.00, by Hilliou and Bled wipes out any obligation to Associated Motels under the management agreement. Therefore, it is argued, subsequent payments of $2,570.38 and $500.00 made by Hilliou could not be credited on obligations under the management contract--as was done--but must be applied on the $6,000.00 note.

In *Juniper Lumber Co. v. Nelson*, 133 Va. 146, 156 (1922), the following rule is stated:

> The true rule of law is that when an executory agreement partly performed is thus mutually cancelled, if any right is reserved to recover unliquidated damages out of a previous breach thereof, it should be reserved expressly, and that the burden is upon one who alleges such a reservation to show that this was the mutual understanding. A mutual rescission, abrogation, release, or cancellation of such a contract, without reservations, terminates it so as to preclude the recovery of damages for any previous breach thereof.

The $2,570.38 was an obligation of Hilliou for taxes on employees payable by Hilliou under the management agreement. It was paid to Associated Motels by certified check. The great part, if not all, of this amount was clearly for a time prior to March 28, 1973, and reducible to an exact sum by mathematical calculations. Whether it was all due and payable on March 28, 1973, is not clear, but likely not. This item does not appear to me to be in the nature of "unliquidated damages . . ." flowing from a prior breach, and I do not believe the above rule applies to this amount. The fact that Hilliou paid this amount, in full, within a month or so after signing the March 28, 1973, agreement under which his obligation was only $75.00 a week is clear evidence that he did not think that the March 28 agreement cancelled his obligation to pay these taxes.

The $500.00 payment, which Associated applied to what it claimed was due it under the management contract

(Plaintiff's Exhibit 4), is not in the same category as the tax payment. However, while the March 28, 1973, cancellation agreement may, under the above rule, wipe out any claim Associated may have for "unliquidated damages," the rule would not seem applicable to real estate taxes, personal property taxes, and utility bills which Hilliou owed because of the agreement and not because of any breach of the agreement.

No evidence was presented as to why the parties decided on a $6,000.00 payment, or why Hilliou thought it worth that much to him to be relieved of his obligation under the management contract. The management contract was for a thirteen-year period and required Hilliou to operate the restaurant, paying all expenses and rent. In view of that, and considering the termination provision in the contract, the Court cannot say that the agreement to pay $6,000.00 to get out of the contract is not supported by consideration. Nor can it conclude, in absence of strong evidence, that the $6,000.00 was to cover Hilliou's then obligations under the management contract.

On attorney's fees, the note provides for "eighteen per cent attorney's in case this note shall not be paid at maturity." In view of what has been involved in this suit on the note, it does not appear that this is unreasonable or unconscionable. Mr. Oakey reports his actual time as being in excess of 27.7 hours and computes the fee on a time basis as in excess of the amount allowed. While some of this time might be attributable to a defense on the counterclaim, it is apparent that very little time was involved in responding to these issues.

Judgment in the amount stated has been entered as of the date of this letter.